UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------×
NORA MCGUIRE,

        *Plaintiff*,                                                    **17 CV 4088**

    v.

LEWIS BRISBOIS BISGAARD & SMITH, LLP, *and*      **COMPLAINT**
MARK K. ANESH *and* FELICE DOUGLAS, *individually*,

        *Defendants.*
------------------------------------------------------------------------×

        Plaintiff Nora McGuire, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendants Lewis Brisbois Bisgaard & Smith, LLP, and Mark K. Anesh and Felice Douglas, individually, as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff Nora McGuire seeks damages and costs against Defendant Lewis Brisbois Bisgaard & Smith, LLP ("Lewis Brisbois") for discriminating against her based on her sex by subjecting her to a hostile work environment and, ultimately, terminating her employment, in violation of Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*.

        2.      Plaintiff also seeks damages and costs against Lewis Brisbois for retaliating against her for complaining about sex discrimination by terminating her employment, in violation of Title VII and the NYCHRL.

        3.      Plaintiff also seeks damages and costs against Defendant Mark K. Anesh, a partner at Lewis Brisbois, for discriminating against her based on her sex by subjecting her to a hostile work environment, in violation of the NYCHRL.

1

4. Plaintiff also seeks damages and costs against Lewis Brisbois for negligent supervision, in violation of the New York State common law.

5. Plaintiff also seeks damages and costs against Defendant Felice Douglas, a Legal Assistant at Lewis Brisbois, for tortious interference with business relations, in violation of the New York State common law.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

6. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under Title VII.

7. Pursuant to 28 U.S.C. § 1332, this Court has supplemental jurisdiction over Plaintiff's NYCHRL and common law claims, as these claims are so related to the Title VII claims that they form part of the same case or controversy.

8. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right-to-Sue letter dated April 18, 2017, relating to the discriminatory acts described in this Complaint. This action was properly instituted within 90 days of the issuance of the Right-to-Sue letter.

## TRIAL BY JURY

9. Plaintiff respectfully requests a trial before a jury.

## PARTIES

10. Plaintiff Nora McGuire, at all times relevant hereto, was and is a resident of Queens County in the State of New York.

11. Upon information and belief, at all times relevant hereto, Defendant Lewis Brisbois was and is a limited liability partnership organized under the laws of the State of

California with its principal executive offices located at 77 Water Street, Suite 2100, New York, New York 10005.

12.     Upon information and belief, at all times relevant hereto, Defendant Anesh was and is a partner at Lewis Brisbois and a resident of Nassau County in the State of New York.

13.     Upon information and belief, at all times relevant hereto, Defendant Douglas was and is a Legal Assistant at Lewis Brisbois and a resident of the State of New York.

## STATEMENT OF FACTS

14.     In and around November 2013, Lewis Brisbois hired Ms. McGuire as a Legal Assistant in Lewis Brisbois's Manhattan office, located at 77 Water Street, New York, New York 10005.

15.     Ms. McGuire has been a legal assistant for approximately 45 years.  Prior to working for Lewis Brisbois, Ms. McGuire worked as a legal assistant at Roberts & Holland, LLP, for six years, Frommer Lawrence & Haug LLP for two years, and the Law Offices of John W. Mitchell for six years.

16.     Throughout her employment at Lewis Brisbois, Ms. McGuire consistently fulfilled her job responsibilities and received positive feedback from her supervisors, who told her that her performance was "excellent."

17.     In and around early January 2016, Defendant Anesh, a (married) partner at Lewis Brisbois, began to sexually harass Ms. McGuire.

18.     Mr. Anesh regularly made extremely offensive, inappropriate sexual comments to Ms. McGuire.

19. For example, in and around January 2016, while sharing an elevator with Ms. McGuire, Mr. Anesh said to Ms. McGuire, "Are you going down for a smoke? Well, if we put our two heads together, I'm sure we could come up with better things to do with your mouth."

20. Ms. McGuire, shocked and very uncomfortable, quickly left the elevator without responding.

21. Approximately one week later, Mr. Anesh made a similar lewd comment, stating, "Going for another smoke? Should have taken me up on my offer."

22. In and around late February 2016, while Ms. McGuire was leaning over a counter, Mr. Anesh suddenly walked up behind her, startling and alarming her, and told her, "You look good enough to eat."

23. Mr. Anesh continued to repeatedly proposition Ms. McGuire, despite her refusals and palpable discomfort.

24. One evening, when Ms. McGuire was alone in the office working late, Mr. Anesh leaned out of his office and commented to Ms. McGuire, "Oh, you're the only one here," in a suggestive tone which frightened Ms. McGuire.

25. Mr. Anesh then attempted to coerce Ms. McGuire into going on a date with him, telling her, "You look like you really need a drink."

26. Ms. McGuire felt so threatened and shaken by Mr. Anesh's behavior that she immediately gathered her belongings and left the building, afraid to be alone in the office with him.

27. Around Valentine's Day, Mr. Anesh again suggested that Ms. McGuire "go for a drink" with him, telling her that she was "looking stressed" and that he "knew a nice place."

28. Among the female employees at Lewis Brisbois, Mr. Anesh had a reputation for making unwanted sexual advances towards Lewis Brisbois's female staff.

29. Throughout Ms. McGuire's employment, she heard reports from numerous female employees in multiple Lewis Brisbois locations of similar incidents of Mr. Anesh's sexual harassment, and she personally witnessed Mr. Anesh sexually harass other female employees at Lewis Brisbois.

30. For example, in and around July 2015, Ms. McGuire witnessed Mr. Anesh's targeting and harassment of Crystal Brown, a Legal Assistant at Lewis Brisbois.

31. Mr. Anesh repeatedly made offensive, unwelcome sexual comments to Ms. Brown, such as "You looked hot today," sent Ms. Brown highly inappropriate text messages when she was not at work, such as "What are you wearing?" and frequently asked Ms. Brown out on dates, despite her repeated refusals.

32. On one occasion, while waiting for Ms. Brown, Ms. McGuire heard Mr. Anesh say to Ms. Brown, "Come on, how about later on?"

33. Ms. Brown responded, "No. Look at the pictures around your office. You're a grandfather. You should be ashamed of yourself."

34. Mr. Anesh responded, "Well, I'll remove the pictures if that's what's holding you back."

35. Ms. Brown told Mr. Anesh that she was not interested and asked him to leave her alone so that she could do her job.

36. After Ms. Brown left Mr. Anesh's office, Ms. McGuire spoke with her, and Ms. Brown confirmed that Mr. Anesh had been propositioning her and that she had rejected him.

37. However, Mr. Anesh ignored Ms. Brown's rejection and continued to sexually harass her and other female employees.

38. Lewis Brisbois terminated Ms. Brown shortly after her refusal of Mr. Anesh's unwanted sexual advances.

39. On or about March 6, 2016, Ms. McGuire complained to Gabriel Zucker, an Administrative Assistant at Lewis Brisbois, about Mr. Anesh's ongoing sexual harassment.

40. Mr. Zucker encouraged Ms. McGuire to report Mr. Anesh's harassment to Randy Cannoy, Office Administrator at Lewis Brisbois.

41. Later that day, Mr. Cannoy called Ms. McGuire and said, "I understand that you need to speak with me."

42. Ms. McGuire confirmed that she did need to speak with Mr. Cannoy, but stated that she only felt comfortable doing so in person with a witness present.

43. As Mr. Cannoy was scheduled to be out of the office until March 11, 2016, Ms. McGuire therefore requested to meet with him upon his return.

44. Mr. Cannoy, clearly irritated, attempted to pressure Ms. McGuire into speaking with him immediately.

45. Ms. McGuire reiterated that she was not comfortable discussing the situation over the phone without a witness present.

46. Mr. Cannoy reluctantly agreed to speak with Ms. McGuire when he returned to the office.

47. When Mr. Cannoy returned on or about March 11, 2016, Ms. McGuire approached him and asked to speak about the serious issues she had raised the previous week.

48. However, Mr. Cannoy dismissed Ms. McGuire, telling her brusquely, "I'm busy."

49. Ms. McGuire attempted to follow up with Mr. Cannoy on or about March 12 and 13, 2016, but Mr. Cannoy again refused to speak with her, telling her only, "I'm busy," and "Not now."

50. On or about March 13, 2016, Ms. McGuire encountered Defendant Douglas in Lewis Brisbois's lobby while waiting for the elevator.

51. Ms. Douglas made hostile comments to Ms. McGuire, such as, "Oh, that bitch is out of here [referring to Lyra Gonzales, a former Lewis Brisbois Paralegal]."

52. When Ms. McGuire told Ms. Douglas to stop bothering her, Ms. Douglas threatened Ms. McGuire, telling her, "I'll break your fucking finger off," and "Watch your back, bitch, I'll fuck you up."

53. Ms. McGuire, upset by these violent threats and afraid that Ms. Douglas would physically assault her, immediately rushed upstairs and tried to find Mr. Cannoy, but he was not in his office.

54. Ms. McGuire reported Ms. Douglas's harassment and violent threats to Mr. Zucker.

55. Two days later, on or about March 15, 2016, Alan Kaminsky, a partner at Lewis Brisbois, called Ms. McGuire to a meeting in his office.

56. Mr. Kaminsky told Ms. McGuire that Lewis Brisbois was terminating her employment, effective immediately, because she had purportedly "harassed a coworker."

57. Ms. McGuire, shocked and deeply upset, attempted to explain the situation and ask for more details, but Mr. Kaminsky cut her off, refusing to look her in the eye.

58. Mr. Kaminsky then instructed Ms. McGuire to pack her belongings and informed her that security would escort her out of the building.

59. Lewis Brisbois seized on Ms. McGuire's encounter with Ms. Douglas as a pretextual reason to terminate Ms. McGuire.

60. After Ms. McGuire's termination, Maria Green, a Paralegal at Lewis Brisbois, told Ms. McGuire that Ms. Douglas had said, "I guess you heard about [Ms. McGuire]. I got that bitch fired."

61. In reality, Lewis Brisbois terminated Ms. McGuire at least in part because of her sex and her complaints about sex-based harassment.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Hostile Work Environment in Violation of Title VII**
**(against Defendant Lewis Brisbois)**

62. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 61 with the same force as though separately alleged herein.

63. Title VII prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of sex.

64. Lewis Brisbois discriminated against Plaintiff on the basis of her sex by subjecting her to a hostile work environment involving highly offensive sexual harassment.

65. As such, Lewis Brisbois has violated Title VII.

66. As a direct and proximate consequence of Lewis Brisbois's sex discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

67. Lewis Brisbois's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Lewis Brisbois.

## SECOND CAUSE OF ACTION
### Unlawful Termination in Violation of Title VII
### (against Defendant Lewis Brisbois)

68. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 67 with the same force as though separately alleged herein.

69. Title VII prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of sex.

70. Lewis Brisbois discriminated against Plaintiff by unlawfully terminating her employment based on her sex.

71. As such, Lewis Brisbois has violated Title VII.

72. As a direct and proximate consequence of Lewis Brisbois's sex discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic damages and emotional distress and suffering, all in amounts to be determined at trial.

73. Lewis Brisbois's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Lewis Brisbois.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of Title VII
### (against Defendant Lewis Brisbois)

74. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 73 with the same force as though separately alleged herein.

75. Title VII prohibits an employer from retaliating against an employee for engaging in protected activity under Title VII.

76. Plaintiff engaged in protected activity under Title VII when she properly complained to Lewis Brisbois about unlawful sex discrimination.

77. Lewis Brisbois retaliated against Plaintiff by terminating her employment.

78. As such, Lewis Brisbois has violated Title VII.

79. As a direct and proximate consequence of Lewis Brisbois's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic damages and emotional distress and suffering, all in amounts to be determined at trial.

**FOURTH CAUSE OF ACTION**
**Hostile Work Environment in Violation of the NYCHRL**
**(against Defendant Lewis Brisbois and Defendant Anesh)**

80. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 79 with the same force as though separately alleged herein.

81. The NYCHRL prohibits an employer from discriminating against an employee on the basis of gender.

82. Defendant Lewis Brisbois and Defendant Anesh discriminated against Plaintiff on the basis of her gender by subjecting her to a hostile work environment involving highly offensive sexual harassment.

83. As such, Defendant Lewis Brisbois and Defendant Anesh have violated the NYCHRL.

84. As a direct and proximate consequence of Defendant Lewis Brisbois's and Defendant Anesh's gender discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

85. Defendant Lewis Brisbois's and Defendant Anesh's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly,

Plaintiff is entitled to an award of punitive damages against Defendant Lewis Brisbois and Defendant Anesh.

**FIFTH CAUSE OF ACTION**
**Unlawful Termination in Violation of the NYCHRL**
**(against Defendant Lewis Brisbois)**

86. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 85 with the same force as though separately alleged herein.

87. The NYCHRL prohibits an employer from discriminating against an employee on the basis of gender.

88. Lewis Brisbois discriminated against Plaintiff by unlawfully terminating her employment based on her gender.

89. As such, Lewis Brisbois has violated the NYCHRL.

90. As a direct and proximate consequence of Lewis Brisbois's gender discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic damages and emotional distress and suffering, all in amounts to be determined at trial.

91. Lewis Brisbois's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Lewis Brisbois.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of the NYCHRL**
**(against Defendant Lewis Brisbois)**

92. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 91 with the same force as though separately alleged herein.

93. The NYCHRL prohibits an employer from retaliating against an employee for engaging in protected activity under the NYCHRL.

94. Plaintiff engaged in protected activity under the NYCHRL when she properly complained to Lewis Brisbois about unlawful gender discrimination.

95. Lewis Brisbois retaliated against Plaintiff by terminating her employment.

96. As such, Lewis Brisbois has violated the NYCHRL.

97. As a direct and proximate consequence of Lewis Brisbois's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic damages and emotional distress and suffering, all in amounts to be determined at trial.

## SEVENTH CAUSE OF ACTION
### Negligent Supervision in Violation of the New York State Common Law
### (Against Defendant Lewis Brisbois)

98. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 97 with the same force as though separately alleged herein.

99. At all times relevant hereto, Defendant Douglas was an employee of Lewis Brisbois.

100. Defendant Douglas harassed Plaintiff and threatened her with bodily harm.

101. Lewis Brisbois was aware that Defendant Douglas had the propensity to harass and threaten Plaintiff, as Plaintiff reported Defendant Douglas's harassment and threats to Lewis Brisbois.

102. Lewis Brisbois had a duty to provide a safe work environment and properly supervise its employees.

103. Lewis Brisbois breached that duty when it failed to discipline Defendant Douglas for her harassing and threatening behavior towards Plaintiff.

104. Instead, Lewis Brisbois summarily terminated Plaintiff's employment, in part because Defendant Douglas had harassed and threatened Plaintiff.

105. As a result of her termination, Plaintiff has suffered, and continues to suffer, substantial losses, including, but not limited to, lost wages, emotional distress injuries, attorneys' fees, and other costs and expenses, all in amounts to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**Tortious Interference with Business Relations**
**in Violation of the New York State Common Law**
**(Against Defendant Douglas)**

106. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 105 with the same force as though separately alleged herein.

107. At all times relevant hereto, Defendant Douglas was employed by Lewis Brisbois.

108. Plaintiff and Lewis Brisbois had a business relation: Lewis Brisbois employed Plaintiff.

109. All Defendants had full knowledge of that employment relation.

110. Outside of the scope of her authority, Defendant Douglas openly sabotaged Plaintiff's career by harassing and threatening Plaintiff and ultimately causing Plaintiff's employment to be terminated.

111. As a direct and proximate consequence of Defendant Douglas's tortious interference with Plaintiff's business relation with Lewis Brisbois, Plaintiff's employment was terminated, and Plaintiff has suffered actual economic damages.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.  For the first cause of action, damages to be determined at trial;

B.  For the second cause of action, damages to be determined at trial;

C.  For the third cause of action, damages to be determined at trial;

D.  For the fourth cause of action, damages to be determined at trial;

E.  For the fifth cause of action, damages to be determined at trial;

F.  For the sixth cause of action, damages to be determined at trial;

G.  For the seventh cause of action, damages to be determined at trial;

H.  For the eighth cause of action, damages to be determined at trial; and

I.  For such other and further relief as the Court deems just and proper.


Dated: New York, New York
June 1, 2017


By: _____
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiff*